ROSS & SONS PLUMBING COMPANY INC., Respondent/Cross-Appellant,

v.

ATLAS SUPPLY COMPANY, INC., Appellant,

and

Joel Suffian and Traci Suffian, Cross-Respondents.

No. ED 83548.

Missouri Court of Appeals, Eastern District, Division One.

April 19, 2005.

Jerome F. Raskas, Peter H. Love, St. Louis, MO, for appellant and cross-respondents.

Joseph V. Neill, Thomas R. Carnes, St. Louis, MO, for respondent/cross-appellant.

Before GARY M. GAERTNER, SR., P.J., SHERRI B. SULLIVAN, J., BOOKER T. SHAW, J.

## ORDER

PER CURIAM.

Atlas Supply Company, Inc. ("Atlas") appeals from the trial court's judgment denying its motion for new trial because they argue the trial court: (1) exceeded its jurisdiction in amending the judgment on its own motion, rather than granting it a new trial; (2) denied it the opportunity to defend, participate in trial and present its case; (3) gave erroneous and prejudicial jury instructions; (4) should have granted its motion for new trial because of improper testimony about an offer of settlement; and (5) should have granted its motion for new trial because Ross & Sons Plumbing Company, Inc. ("Ross & Sons") was judicially estopped from pursuing claims against it. Finally, Atlas argues the trial court erred in denying its motion for judgment notwithstanding the verdict and motion for directed verdict because Ross & Sons failed to make a submissible case on its cause of action. Ross & Sons cross-appeals and argues the trial court erred in denying its motion for judgment notwithstanding the verdict as to its quantum meruit claim against the cross-respondents, Joel Suffian and Traci Suffian, because they were provided a benefit which was not paid for.

We have reviewed the briefs of the parties and the record on appeal, and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential value. The trial court's judgment is affirmed pursuant to Rule 84.16(b).